In the Matter of JOSEPH S. SOMBERG, Petitioner, against FRIEDA S. MILLER, as Industrial Commissioner of the State of New York, Respondent.

First Department, June 11, 1943.

*Harold Flatto* for petitioner.

*Irving Galt* of counsel (*Orrin G. Judd* and *Isaac Frank* with him on the brief; *Nathaniel L. Goldstein, Attorney-General*), for respondent.

Determination confirmed with fifty dollars costs and disbursements. No opinion.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur; UNTERMYER, J., dissents, in opinion.

UNTERMYER, J. (dissenting). The Medical Board by which the appellant was tried (Workmen's Compensation Law, art. 2, § 13-d) was improperly constituted by the inclusion of the respondent, Industrial Commissioner of the State of New York, who assumed the chairmanship of the Board and the direction of the proceedings. Not only is there no express authority for this in the statute, but it is evident that such a procedure could not have been intended since the statute provides for a review of the determination of the Medical Board by the Industrial Council, of which the Industrial Commissioner is chairman (Labor Law, § 10-a, subd. 2). It is true that the statute (Workmen's Compensation Law, § 13-d, subd. 2) requires removal by the Commissioner " after reasonable investigation " of any physician who has been guilty of the acts therein specified. Such an investigation, however, is not to be conducted during the proceedings of the Medical Board since, by the express language of the statute, it is limited to an investigation " either before or after investigation by a medical society or board." The illegal organization of the Medical Board by which the petitioner was found guilty, in my opinion, is fatal to the proceeding.

The determination of the Industrial Commissioner suspending the petitioner should be annulled and the proceeding remitted for a trial in accordance with the provisions of section 13-d of article 2 of the Workmen's Compensation Law.